# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10186

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

AVAN NGUYEN,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

April 13, 2017

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas

Before STEWART, Chief Judge, and JONES and OWEN, Circuit Judges.

CARL E. STEWART, Chief Judge:

Defendant-Appellant Avan Nguyen pleaded guilty to aiding and assisting in the preparation of a false and fraudulent tax return. The district court imposed a 36-month above-Guidelines sentence based on the 18 U.S.C. § 3553(a) factors and its conclusion that it was more likely than not that Nguyen participated in the uncharged offense of currency structuring. Nguyen now appeals the reasonableness of his sentence. Finding no error, we AFFIRM.

## I. BACKGROUND

Nguyen, the owner of a wholesale salon equipment business, was charged with aiding and assisting in the preparation of a false and fraudulent corporate tax return. He pleaded guilty pursuant to a written plea agreement

No. 16-10186

and entered into a settlement agreement with the Government, wherein he agreed to forfeit $1,100,000 in seized funds. In preparing the presentence report ("PSR"), the probation officer determined that Nguyen had a total offense level of 13 and a criminal history category of I, resulting in an advisory Guidelines range of 12–18 months. However, the probation officer also noted that Nguyen appeared to be involved in unlawful structuring activities[1]: IRS agents found over $4,900,000 in structured deposits made by third parties to bank accounts registered to Nguyen or his family members. Moreover, during a raid of Nguyen's business, IRS investigators found $3,215,703 in currency— most of it separated into $10,000 bundles—whose source could not be determined. In paragraph 87 of the PSR, the probation officer suggested the structuring activities could warrant an upward departure under U.S.S.G. § 4A1.3 for an underrepresented criminal history or under U.S.S.G. § 5K2.21 for uncharged conduct.

Nguyen objected to the suggestion that an upward departure may be appropriate, and the Government agreed that there was insufficient evidence to prove that he had structured or directed the structuring of deposits into his bank accounts. The district court, however, entered an order tentatively concluding that Nguyen's objections to the upward departure were without merit. The district court suggested that it would reject the plea agreement, including the forfeiture settlement, and that Nguyen should receive a sentence above the advisory Guidelines range, given the probability that he knew of the

---

[1] A person "structures" a transaction if he, acting alone or in conjunction with others, "conducts or attempts to conduct one or more transactions in currency, in any amount, at one or more financial institutions, on one or more days, in any manner, for the purpose of evading . . . reporting requirements." 31 C.F.R. § 1010.100(xx). Section 5324 makes it a crime to "structure or assist in structuring, or attempt to structure or assist in structuring," a transaction to avoid § 5313's requirement that financial institutions file a currency transaction report ("CTR") with the government for all cash transactions exceeding $10,000. 31 U.S.C. §§ 5313(a); 5324(a)(3); *United States v. Rodriguez*, 132 F.3d 208, 212 (5th Cir. 1997).

structured deposits being made into his accounts and the Government's failure to prosecute him for that crime.

At the first sentencing hearing, the district court conducted an evidentiary hearing to determine whether Nguyen had participated in illegal structuring activities. The district court questioned three witnesses. Oanh Nguyen, Defendant-Appellant's wife, testified that the new business bank accounts Nguyen had opened at Chase Bank ("Chase") and Wells Fargo were not an attempt to evade the law but rather a result of his decision to restructure the company after their son decided to leave the business. IRS Special Agent Alan Hampton and IRS Task Force Officer Alison Turner then testified about the investigation into Nguyen's financial activities. Afterwards, the district court accepted the plea agreement but expressed its belief that there was sufficient evidence to conclude that structuring activities occurred, that Nguyen was aware of the illegal transactions, and that he aided and abetted the deposits. The Government, while agreeing there was enough evidence to show that the funds were structured, expressed doubt that there was sufficient proof by a preponderance of the evidence to show that Nguyen himself assisted in the structuring.

At the second sentencing hearing, the district court sustained Nguyen's objection to an upward departure as detailed in paragraph 87 of the PSR. The district court also concluded that Nguyen was not entitled to a reduction for acceptance of responsibility, which resulted in a newly applicable Guidelines range of 21–27 months. Taking into account the 18 U.S.C. § 3553(a) factors, the district court then sentenced Nguyen to 36 months in prison, to be followed by a one-year term of supervised release and payment of a $250,000 fine. The district court acknowledged the Government's doubt as to whether Nguyen participated in structuring activities, but explained that it had reached a different conclusion based on its examination of the evidence and provided a

No. 16-10186

lengthy explanation as to why "it [was] more likely than not that [Nguyen] committed the offense of structuring." In support of its decision, the district court cited, *inter alia*, Nguyen's dishonesty in underreporting his taxable income for multiple years; the connection between the investigation into his structuring activities and the discovery of tax fraud; and that Nguyen was able to retain "millions of dollars" that could have been subject to forfeiture had the Government pursued forfeiture proceedings. The district court rejected Ms. Nguyen's explanation for why the new bank accounts were opened and noted that Defendant-Appellant gave conflicting explanations to IRS investigators as to whether funds seized from his business were bank withdrawals. In its thirteen-page Statement of Reasons ("SOR"), the district court reiterated these conclusions and detailed the factors that influenced it to impose an above-Guidelines sentence. Nguyen timely appealed.

## II. DISCUSSION

This court reviews sentencing decisions for reasonableness. *Gall v. United States*, 552 U.S. 38, 46 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Using a bifurcated review process, we first examine whether the district court committed any significant procedural error. *Gall*, 552 U.S. at 51. If the district court's decision is procedurally sound, we then consider the substantive reasonableness of the sentence. *Id.*

### A. Procedural Reasonableness

#### 1.

In considering the procedural unreasonableness of a sentence, we review the district court's interpretation and application of the Sentencing Guidelines de novo and its findings of fact for clear error. *Cisneros-Gutierrez*, 517 F.3d at 764. If the district court committed a significant procedural error, we must remand unless the error was harmless. *United States v. Delgado-Martinez*, 564 F.3d 750, 752–53 (5th Cir. 2009).

## No. 16-10186

Significant procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the § 3553(a) factors,[2] selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. "[W]e will give great deference to [a] sentence" if the judge "carefully articulate[s] the fact-specific reasons she concludes that [a non-Guidelines] sentence is appropriate," "commits no legal error in the procedure followed in arriving at the sentence," and "gives appropriate reasons for her sentence." *United States v. Mares*, 402 F.3d 511, 519–20 (5th Cir.), *cert. denied*, 546 U.S. 828 (2005).

2.

Nguyen contends that the district court committed procedural error because its determination that he participated in financial structuring activities was not supported by sufficient evidence and thus could not form the basis for an upward variance. We disagree.

Generally, structuring requires proof of three elements: that (1) the defendant knew of the financial institution's legal obligation to report transactions in excess of $10,000; (2) the defendant knowingly structured (or attempted to structure, or assisted in structuring) a currency transaction; and (3) the purpose of the structured transaction was to evade that reporting obligation. Fifth Circuit Pattern Jury Instructions (Criminal Cases) § 2.104 (2015) [hereinafter Jury Instructions § 2.104]. Although the Government must prove each of these elements beyond a reasonable doubt to establish the

---

[2] These include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, deter criminal conduct, protect the public, and provide the defendant with correctional treatment; (3) the kinds of sentences available; (4) the kinds of sentences and sentencing range established for the applicable category of offense; (5) pertinent policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

defendant's guilt at trial, for sentencing purposes, the district court needed only to find that the elements were satisfied by a preponderance of the evidence. *See Mares*, 402 F.3d at 519 ("The sentencing judge is entitled to find by a preponderance of the evidence . . . all facts relevant to the determination of a non-Guidelines sentence."). Additionally, direct evidence is not required; rather, "the sentencing court is permitted to make common-sense inferences from the circumstantial evidence." *United States v. Caldwell*, 448 F.3d 287, 292 (5th Cir. 2006).

Given these standards, the district court did not err in inferring that Nguyen participated in currency structuring. First, the district court's conclusion that "it is more likely than not that [Nguyen] knew of the banks' reporting obligations" was not clearly erroneous. *See* Jury Instructions § 2.104. In support of its conclusion, the district court pointed to a June 7, 2012 letter written by Chase to Nguyen that stated in relevant part:

> All banks operating in the United States are required by law to file a Currency Transaction Report (CTR) when a customer's cash transaction(s) exceed $10,000 on any business day . . . . [W]e have noted through a review of your account(s) a pattern of cash transactions that potentially give the appearance of an attempt to evade the CTR filing requirement. Attempting to evade the CTR filing requirement may be viewed as structuring and is a violation of the Bank Secrecy Act.

> Therefore, Chase feels that it would be in our mutual best interest for you to change your transaction patterns. If your pattern of cash activity does not change promptly, your account, along with any related accounts, may be at risk for closure.

Although Nguyen suggests there is an absence of evidence showing that Chase actually mailed the letter or that he received it, we agree with the district court's conclusion that Nguyen received a letter that was addressed to him—particularly given that he does not explicitly assert that he never

received the letter nor does he explain why he would not have received it. Moreover, Nguyen's actions following the letter's issue date support a conclusion that he received it: five days later, he filed a business name change with the Texas Secretary of State; approximately two weeks later, he opened a new account at Chase under the new business name; shortly thereafter, currency deposits into the Chase account referenced in the warning letter became infrequent while frequent deposits appeared in the newly opened account; and less than one week after that, one of Nguyen's business customers, Anh Le, changed the pattern of his currency deposits into Nguyen's accounts. The district court additionally noted that "[a]ny businessman of the years of experience [Nguyen] had in running his own business, and with the number of bank accounts he had and the number of currency transactions conducted in those accounts, would have known of the [banks' reporting] requirement." We are convinced that the Chase letter and Nguyen's resultant actions, combined with Nguyen's extensive business experience, support the district court's conclusion that "it is more likely than not that [Nguyen] knew of the banks' reporting obligations."[3]

Next, the district court determined that "it is more likely than not" that Nguyen "was intentionally and knowingly participating in the illegal currency-structuring activities." *See* Jury Instructions § 2.104. For example, the district court referenced Nguyen's actions after the date of the Chase letter, as detailed

---

[3] Nguyen disputes the district court's reliance on cases stating that the business background of a defendant, when combined with evidence of structuring itself, is sufficient to create an inference that the defendant knew of the bank's currency reporting requirement. *See United States v. Packer*, No. 99-40527, 2000 WL 1568150, at *1–2 (5th Cir. Sept. 11, 2000); *Rodriguez*, 132 F.3d at 212–13. Nguyen argues that *Packer* and *Rodriguez* are distinguishable from the instant case because they involved defendants who had themselves engaged in structuring. We do not read those cases as creating a requirement that the defendant himself must have structured the funds. However, even assuming arguendo that Nguyen's interpretation is correct, his business background was only one factor the district court considered in concluding that he probably knew of the banks' reporting obligation. Thus, we find no error in the district court's analysis.

above.    The district court also explained that it was unpersuaded by Ms. Nguyen's explanation for why her husband opened the new bank accounts, concluding that she lacked sufficient knowledge of his business activities to be able to give informed answers "and that she was stretching to help her husband."[4]

Furthermore, other evidence before the district court further supports the conclusion that Nguyen knowingly and intentionally participated in structuring activities.    For example, IRS investigators found at his place of business $3,215,703 in currency, most of which was separated into $10,000 bundles.    Nguyen stated that he did not deposit the money in the bank "because their fees are too high and he does not trust banks."    Nguyen also provided conflicting explanations as to the source of the currency.    He initially told the officers that it came from his customers' cash payments and from bank withdrawals—which he made in increments of $5,000 or $10,000, and never "over $10,000 at a time."    However, when officers asked why he never withdrew more than $10,000, Nguyen "hesitated and then stated that the U.S. currency [was] from only sales and the casino."    Nguyen's counsel later told the Government that "the cash found in the business was from gambling proceeds." Additionally, Nguyen's bank records show that multiple $9,000 deposits were made into his various accounts either on the same day or in close proximity to one another, and because these deposits were round numbers—in contrast to the "legitimate deposits," all of which were less than $9,000 and non-round numbers—the structured deposits likely would have stood out to Nguyen on his bank statements.

---

[4] Likewise, the district court did not accept as credible Mr. Le's explanations for the structuring activity in Nguyen's bank accounts.  The district court ultimately determined that Mr. Le's awareness that he too was at risk of prosecution for structuring activities caused him to be cautious in his comments to investigators.

No. 16-10186

This evidence, taken together, reasonably supports the district court's determination that Nguyen knowingly and intentionally participated in structuring activities. *See Caldwell*, 448 F.3d at 292.

3.

For these reasons, we hold that the district court did not clearly err when it determined, based on the circumstantial evidence, that it was more likely than not that Nguyen participated in his customers' structuring activities. *See* Jury Instructions § 2.104; *Mares*, 402 F.3d at 519. We therefore conclude that Nguyen's sentence was not procedurally unreasonable. *See Gall*, 552 U.S. at 51; *Mares*, 402 F.3d at 519–20.

*B. Substantive Reasonableness*

Having determined that the district court's decision was procedurally sound, we turn to the question of whether it was substantively reasonable. *See Gall*, 552 U.S. at 51.

1.

We review the substantive reasonableness of a sentence for abuse of discretion.[5] *Id.*; *Delgado-Martinez*, 564 F.3d at 751. "A non-Guidelines sentence unreasonably fails to reflect the statutory sentencing factors set forth in § 3553(a) where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015) (quoting *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006)). In reviewing a

---

[5] The Government argues that plain error review is appropriate because Nguyen failed to preserve his challenge to the substantive reasonableness of his sentence. *See United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007). This is a close question, however, our review of the record reveals that some of Nguyen's counsel's objections and comments at sentencing can reasonably be construed as preserving the challenge. Nevertheless, because Nguyen's arguments fail under the abuse of discretion standard, we pretermit further analysis under plain error review as moot.

challenge to the length of a non-Guidelines sentence, this court "may take the degree of variance into account and consider the extent of a deviation from the Guidelines." *United States v. Herrera-Garduno*, 519 F.3d 526, 530 (5th Cir. 2008) (quoting *Gall*, 552 U.S. at 47).

The fact that this court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal." *Gall*, 552 U.S. at 51. We "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.*; *Diehl*, 775 F.3d at 724 ("[O]ur 'review for substantive reasonableness is highly deferential, because the sentencing court is in a better position to find facts and judge their import under the § 3553(a) factors with respect to a particular defendant.'") (quoting *United States v. Hernandez,* 633 F.3d 370, 375 (5th Cir. 2011) (internal quotation marks omitted)). Thus, a "significant variance" from the Guidelines is permitted where it is "commensurate with the individualized, case-specific reasons provided by the district court." *Diehl*, 775 F.3d at 724 (quoting *United States v. McElwee*, 646 F.3d 328, 338 (5th Cir. 2011)).

2.

Nguyen contends that the undue weight the district court gave to insufficient evidence of alleged structuring and the court's consideration of improper factors—for example, that the Government chose not to forfeit all of the funds it seized from him—rendered the imposed sentence an abuse of discretion. Nguyen also argues that the district court failed to give weight to the fact that his criminal conduct was fully captured by the Guidelines, that he lacked a criminal record, and that he timely paid restitution and other penalties.

We disagree. First, as we held above, the district court's determination that Nguyen participated in structuring activities was not improper. Furthermore, the district court, both in an extensive statement at sentencing and in the SOR, explained that it was imposing the above-Guidelines sentence

based on a variety of factors, including: (1) due to "the magnitude of [Nguyen's] dishonesty and unwillingness to abide by our society's basic rules of conduct," (2) based on "the aggravated nature of [Nguyen's] criminal conduct," (3) because Nguyen's "exceptional [business] success . . . had a significant foundation in [his] unlawful activity," (4) because Nguyen "was able to retain millions of dollars of funds" that "probably would have been forfeited to the [G]overnment" had it pursued forfeiture proceedings, (5) to afford deterrence to "others who are knowledgeable of [Nguyen's] situation [and] would be tempted to engage in [similar] criminal conduct," (6) to protect the public from Nguyen's further crimes and the criminal conduct of others, and (7) because financial penalties alone would not satisfy § 3553(a)'s sentencing objectives. *See* 18 U.S.C. § 3553(a)(1)–(2). We cannot say that these considerations, taken together, are insufficient to justify a 36-month upward variance. *See Gall*, 552 U.S. at 51; *Diehl*, 775 F.3d at 724; *Mares*, 402 F.3d at 519–20. Moreover, the district court held an evidentiary hearing, questioned the witnesses, thoroughly reviewed the exhibits, and explained its findings in considerable detail. *See Diehl*, 775 F.3d at 724–25.

3.

Given this court's "highly deferential" review for substantive reasonableness, *id.*, we hold that the district court did not abuse its discretion in imposing the upward variance to Nguyen's sentence.

### III. CONCLUSION

For the foregoing reasons, Defendant-Appellant Avan Nguyen's sentence is AFFIRMED.