# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40404

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JORGE MERCADO-SOTO,

      Defendant - Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CR-1133-1

Before DAVIS, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Jorge Mercado-Soto appeals the 18-month sentence imposed by the district court following his guilty plea conviction for illegal reentry following deportation, in violation of 8 U.S.C. § 1326(a). He contends that the district court's upward variance from the advisory Guidelines imprisonment range of zero to six months was procedurally and substantively unreasonable. For the reasons set forth below, we affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40404

This Court reviews the district court's sentencing decisions for reasonableness using the bifurcated review process set forth by the Supreme Court in *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). *United States v. Nguyen*, 854 F.3d 276, 280 (5th Cir. 2017). Specifically, we first examine whether the district court committed any significant procedural error in determining the defendant's sentence. *Id.* If there is no procedural error or the error is harmless, we may proceed to the second step, which requires our review of the substantive reasonableness of the sentence for an abuse of discretion. *Id.* at 280, 283.

Emphasizing that the 18-month sentence imposed is triple the high end of the Guidelines range, Mercado-Soto asserts that the district court committed procedural error by failing to explain adequately or justify its sentence. When determining the appropriate sentence for a defendant, the district court is required to "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50, 128 S.Ct. at 597 (citation omitted). Furthermore, when imposing an upward variance, the district court is required by the statute governing the imposition of sentences, 18 U.S.C. § 3553, to state its reasons for the variance with specificity. 18 U.S.C. § 3553(c)(2).

At the sentencing hearing, the district court expressly informed Mercado-Soto that the 18-month sentence imposed was "a non-guideline sentence based on the nature and circumstances of the offense and the history and characteristics of the Defendant." Consideration of these factors is specifically required by 18 U.S.C. § 3553(a)(1) when imposing a sentence. Moreover, in response to defense counsel's objection to the upward variance, the district court further explained that the sentence imposed was based on Mercado-Soto's "immigration history, his numerous contacts with immigration law and the fact that [the] last time he brought 112 kilos of marijuana with

2

No. 17-40404

him when he violated our immigration laws." The record reflects that Mercado-Soto's immigration history includes three illegal entries and voluntary removals in 1996, three illegal entries and voluntary removals in 2000, and three illegal entries with judicial removals from June 2013 to July 2016. Less than one month after his last deportation, Mercado-Soto again illegally entered the United States in August 2016. At that time, he was involved with five other individuals in transporting approximately 112 kilograms of marijuana. In view of the foregoing, the district court adequately explained and justified its sentence, and no procedural error has been shown.

Mercado-Soto next argues that the sentence imposed was substantively unreasonable. He asserts that the district court gave insufficient weight to the Guidelines' recommendation of zero to six months imprisonment, gave too much weight to his immigration and criminal history, and committed a clear error of judgment in balancing the sentencing factors set forth in 18 U.S.C. § 3553(a). We review the substantive reasonableness of the district court's sentence for an abuse of discretion. *Nguyen*, 854 F.3d at 283. As described above, the district court imposed an upward variance based on the numerous times Mercado-Soto illegally entered the United States and the fact that he was involved in transporting a large amount of marijuana during the last time he entered the country illegally. We cannot say that the district court's considerations are insufficient to justify the upward variance imposed. Given this Court's highly deferential standard of review for substantive reasonableness, *id.* at 284, we hold that the district court did not abuse its discretion in imposing the upward variance.

Accordingly, Defendant-Appellant Jorge Mercado-Soto's sentence is AFFIRMED.

3