# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10107
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 24, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EMILIO GARCIA-PINEDO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-194-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Emilio Garcia-Pinedo pleaded guilty without the benefit of a plea agreement to illegally reentering the country after he had been removed. The district court imposed a 48-month prison sentence, which was more than twice the high-end of the 15-to-21-month advisory guidelines range. Garcia-Pinedo appeals, contending that the sentence is substantively unreasonable because, in his view, the court did not adequately account for certain aspects of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

history and characteristics and the degree of the variance was too large under the totality of the circumstances. Our review is for abuse of discretion. *United States v. Nguyen*, 854 F.3d 276, 283 (5th Cir. 2017).

The district court explicitly stated that it took into account Garcia-Pinedo's arguments, specifically referencing his motivation for returning to the United States. However, it determined that a sentence well above the guidelines range was warranted based on the 18 U.S.C. § 3553(a) factors, especially Garcia-Pinedo's history and characteristics, the need to promote respect for the law, and to deter Garcia-Pinedo from returning the United States. Furthermore, even where, as here, the sentence is substantially above the guidelines range, we defer to the district court's determination that the sentencing factors support it. *See id.* Though a "major deviation from the Guidelines range requires a greater justification than a minor one," *United States v. Fraga*, 704 F.3d 432, 440 (5th Cir. 2013), the district court here gave sufficient "individualized, case-specific reasons" to substantiate the "significant variance," *Nguyen*, 854 F.3d at 283 (internal quotation marks and citation omitted). The court was particularly concerned with Garcia-Pinedo's nine previous deportations and his ten illegal reentries. It also observed that some of those reentries came shortly after deportations and reasoned that Garcia-Pinedo had not been deterred by his prior illegal reentry conviction.

Garcia-Pinedo has not shown that his sentence "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.* (internal quotation marks and citation omitted). Accordingly, the judgment is AFFIRMED.