# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10577
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 12, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

NICHOLAS BRADLEY GILBERT,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-201-1

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Nicholas Bradley Gilbert, who pleaded guilty to possessing a firearm after a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), challenges the substantive reasonableness of his sentence. In imposing the sentence, the district court varied upward and sentenced Gilbert, *inter alia*, to 78 months' imprisonment.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-10577

The firearm was found after Gilbert was arrested, following, *inter alia*, a high-speed pursuit and resisting arrest.  According to Gilbert, the court erred in balancing the 18 U.S.C. § 3353(a) sentencing factors when it stated it imposed the same term of imprisonment regardless of whether Gilbert tried, with a firearm, to harm or threaten the arresting officer.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 48–51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).

In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). The Government, however, contends plain-error review applies because Gilbert did not object to his sentence based on the specific contentions he presents now.  Our court need not decide whether such review applies because Gilbert's contentions fail under the abuse-of-discretion standard applicable to preserved substantive-reasonableness challenges of non-Guidelines sentences. *United States v. Nguyen*, 854 F.3d 276, 283 & n.5 (5th Cir. 2017).

The district court considered the § 3553(a) factors, including the advisory Guidelines sentencing range, and provided extensive reasons why an upward variance to 78 months' imprisonment was appropriate.  In particular, the court stated that Gilbert's criminal history and possession of a loaded revolver while resisting apprehension by the arresting officer were aggravating factors.

No. 18-10577

The court sustained Gilbert's objection that the latter circumstance was insufficient to support an increased Guidelines sentencing range by applying the enhancement under Guideline § 2K2.1(b)(6)(B) (enhancement "[i]f . . . defendant . . . used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense"). On the other hand, the court was still permitted to consider the circumstance under § 3553(a) in concluding an upward variance was appropriate. *United States v. Herrera-Garduno*, 519 F.3d 526, 530–31 (5th Cir. 2008); *see United States v. Williams*, 517 F.3d 801, 809–11 (5th Cir. 2008). Gilbert's criminal history also was a permissible consideration under § 3553(a). *Herrera-Garduno*, 519 F.3d at 531.

AFFIRMED.