# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 25, 2020

Lyle W. Cayce
Clerk

No. 19-11190
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO FERMIN BARAJAS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-119-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Pedro Fermin Barajas pleaded guilty to being a felon in possession of a firearm and was sentenced to 60 months in prison. He now appeals, challenging the substantive reasonableness of his above-guidelines sentence.

Fermin Barajas advocated for a shorter sentence in the district court, so he preserved his substantive reasonableness challenge. *See Holguin-*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-11190

*Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020). In reviewing the substantive reasonableness of a sentence, this court applies an abuse of discretion standard. *See Gall v. United States*, 552 U.S. 51 (2007). A non-guidelines sentence is unreasonable if it does not account for a factor that should have received significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the sentencing factors. *See United States v. Nguyen*, 854 F.3d 276, 283 (5th Cir. 2017).

The district court in this case determined a 60-month sentence was necessary based on Fermin Barajas's extensive criminal history, which included numerous convictions for theft, burglary of a habitation, assault with bodily injury to a family member, and possession of a controlled substance. Fermin Barajas contends that the district court failed to give proper weight to mitigating factors, such as his steady employment history, committed marriage, and low rate of recidivism. However, this court will not engage in a reweighing of the 18 U.S.C. § 3553(a) factors. *See Gall*, 552 U.S. at 51. Fermin Barajas has not shown that the district court abused its discretion in concluding that his lengthy criminal history outweighed his mitigating characteristics. *See United States v. Smith*, 440 F.3d 704, 709-10 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.