# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 6, 2020

Lyle W. Cayce
Clerk

No. 19-11192
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JEREMY CRAIG GARDNER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-120-1

Before KING, SMITH, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Jeremy Craig Gardner pleaded guilty to being a felon in possession of a firearm and was sentenced to 60 months in prison. He now appeals, challenging the substantive reasonableness of his above-guidelines sentence.

Because Gardner advocated for a shorter sentence in the district court, he preserved his substantive reasonableness challenge. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020). In reviewing the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substantive reasonableness of a sentence, this court applies an abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). A non-guidelines sentence is unreasonable if it does not account for a factor that should have received significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the sentencing factors. *See United States v. Nguyen*, 854 F.3d 276, 283 (5th Cir. 2017). This court's review is highly deferential to the district court, as it is "in a better position to find facts and judge their import" under the 18 U.S.C. § 3553(a) factors with respect to a particular defendant. *Id.* (quoting *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015)).

In this case, the district court determined a 60-month sentence was appropriate based on Gardner's extensive criminal history, including several unscored convictions for theft and driving while intoxicated. Gardner argues the district court failed to give proper weight to mitigating factors such as his struggle with substance abuse and his lack of a violent criminal history. However, this court will not engage in a reweighing of the § 3553(a) factors. *See Gall*, 552 U.S. at 51. Gardner has not shown the district court abused its discretion in concluding his lengthy criminal history outweighed his mitigating characteristics. *See United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006) (holding a district court may consider a defendant's criminal history in imposing a non-guidelines sentence).

The judgment of the district court is AFFIRMED.