# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30949
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 11, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

THOMAS A. DICKERSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:19-CR-198-1

Before KING, SMITH, and WILSON, Circuit Judges.

PER CURIAM:[*]

Thomas A. Dickerson pleaded guilty to two counts of an information charging him for making false statements to the Commodity Credit Corporation, and the district court varied upward from the guidelines imprisonment range in imposing consecutive 60-month terms of imprisonment and concurrent three-year periods of supervised release. Restitution in the amount of $18,048,304.71 was ordered.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30949

Dickerson contends that the sentence is substantively unreasonable. He asserts, based on government statistics, that the sentence involves an unwarranted disparity and that the district court gave inadequate reasons and insufficient weight to his mitigating character evidence.

The district court shall impose a sentence that is sufficient but not greater than necessary to comply with the factors listed in 18 U.S.C. § 3553(a). *See Gall v. United States*, 552 U.S. 38, 50 n.6 (2007). A non-guidelines sentence is unreasonable if "it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, (3) or represents a clear error of judgment in balancing the sentencing factors." *United States v. Nguyen*, 854 F.3d 276, 283 (5th Cir. 2017) (internal quotation marks and citation omitted). Our review is for an abuse of discretion. *See Gall*, 552 U.S. at 51.

Because Dickerson has failed to provide any details with respect to the underlying sentences of similarly situated defendants, he has not shown that his sentence involved an unwarranted sentencing disparity. *See United States v. Waguespack*, 935 F.3d 322, 337 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 827 (2020).

Because the district court correctly calculated and considered the guidelines range, it "necessarily gave significant weight and consideration to the need to avoid unwarranted disparities." *Gall*, 552 U.S. at 54. The district court explained in imposing the sentence that this case is atypical and that most of Dickerson's criminal conduct was uncharged. The district court's findings were adequate, and the variance was not unusually harsh. *See United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008); *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008).

No. 19-30949

In arguing that the district court failed to consider adequately the character evidence he presented at sentencing, Dickerson asserts that he has shown that he "is a man of good character who in a time of farming crisis made bad decisions."

The district court stated that it had reviewed Dickerson's mitigating evidence, and it found that Dickerson's criminal conduct continued over an extended period and involved multiple victims; it was atypical in its course and scope. No abuse of discretion has been shown. *See Gall*, 552 U.S. at 51. The judgment is AFFIRMED.