# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 26, 2021

Lyle W. Cayce
Clerk

No. 20-50002
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROBERTO TRINIDAD DEL CARPIO FRESCAS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CR-1237-1

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

A federal jury convicted Roberto Trinidad Del Carpio Frescas of 24 counts of wire fraud and 10 counts of money laundering. *See United States v. Del Carpio Frescas*, 932 F.3d 324, 327 (5th Cir. 2019). He now appeals the above-Guidelines sentences for wire fraud the district court imposed on

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50002

remand.  According to Del Carpio Frescas, the (24) concurrent 216-month sentences for wire fraud are substantively unreasonable.  He asserts that within-Guidelines sentences would afford just punishment and properly account for the nature, circumstances, and seriousness of the offenses, including the hardship suffered by the victims and his role in the offenses.  He further asserts that within-Guidelines sentences would avoid unwarranted sentencing disparities and account for his history and characteristics.  Finally, he contends that data shows within-Guidelines sentences are sufficient to afford deterrence and protect the public in cases of first-time offenders and that the above-Guidelines sentences the district court imposed failed to account for the mitigating aspects of his case.  We review the substantive reasonableness of Del Carpio Frescas's sentences for abuse of discretion, and we find none here.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Del Carpio Frescas does not show that the upward variance fails to account for a factor that should have received significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error in balancing the 18 U.S.C. § 3553(a) factors.  *See United States v. Nguyen*, 854 F.3d 276, 283 (5th Cir. 2017).  Indeed, the district court saw and heard the evidence and balanced each of the § 3553(a) factors to determine Del Carpio Frescas's sentences.  And "[w]e must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."  *Id.*  Moreover, "a district court may rely upon factors already incorporated by the Guidelines to support a non-Guidelines sentence."  *United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008) (citation omitted).  For these reasons, Del Carpio Frescas has not shown an abuse of discretion.  *See Gall*, 552 U.S. at 51; *Nguyen*, 854 F.3d at 283.

No. 20-50002

We are also not persuaded that the district court misunderstood the relevant Guidelines-range calculations at the sentencing hearing on remand. There was no error in that regard, plain or otherwise.

AFFIRMED.