# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2021

Lyle W. Cayce
Clerk

No. 20-10419

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

GARMON COATS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:93-CR-128-1

Before HIGGINBOTHAM, STEWART, and WILSON, *Circuit Judges*.
PER CURIAM:*

Garmon Coats filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i) ("Motion"), which the district court denied. We AFFIRM.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10419

## I. FACTS & PROCEDURAL HISTORY

In 1994, a jury convicted Coats of one count of bank robbery in violation of 18 U.S.C. § 2113(d), three counts of obstructing commerce by robbery in violation of 18 U.S.C. § 1951, and three counts of using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). Coats received a total sentence of 802 months.

In April 2020, after exhausting his administrative remedies, Coats filed the Motion pro se, arguing that extraordinary and compelling reasons warrant a sentence reduction or commutation of his sentence for two reasons. First, because the First Step Act altered (albeit non-retroactively) how § 924(c) sentences are consecutively stacked, Pub. L. No. 115-391, § 403, 132 Stat. 5194, 5221–22 (2018), Coats asserted that his prison sentence would have been reduced by 30 years had he been sentenced under the Act.[1] Second, relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Coats contended that his 262-month prison term for the bank robbery conviction was predicated on factual findings that were improperly made by the district court.

The district court denied the Motion, reasoning that Coats had not presented extraordinary and compelling reasons for a reduction as described in U.S.S.G. § 1B1.13. It added that even "[i]f the court is mistaken and movant has spelled out extraordinary and compelling reasons for his early release, the court still would not reduce his sentence" because the factors listed in 18 U.S.C. § 3553(a) weigh against granting relief.

Coats timely appealed.

---

[1] More specifically, instead of the 540-month mandatory sentence he received for the three § 924(c) convictions, he would have received a 180-month sentence.

No. 20-10419

## II. STANDARD OF REVIEW

We review the denial of a § 3582(c)(1)(A)(i) motion for abuse of discretion. *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).

## III. DISCUSSION

"Under § 3582(c)(1)(A)(i), a district court may reduce the defendant's term of imprisonment, after considering the applicable 18 U.S.C. § 3553(a) factors, if the court finds that (1) 'extraordinary and compelling reasons warrant such a reduction' and (2) 'a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Okpalobi*, 831 F. App'x 715, 715 (5th Cir. 2020) (per curiam) (quoting § 3582(c)(1)(A)(i)). This court has previously considered § 1B1.13 an applicable policy statement when the prisoner, rather than the Bureau of Prisons, moves for relief under § 3582(c)(1)(A)(i). *See, e.g.*, *id.*; *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

In *United States v. Shkambi*, this court joined our sister circuits in holding that § 1B1.13 does not actually apply to § 3582(c)(1)(A)(i) motions brought by the inmate. *See* 993 F.3d 388, 393 (5th Cir. 2021). And in *United States v. Cooper*, the court remanded a prisoner's § 3582(c)(1)(A)(i) motion in light of *Shkambi* so that "the district court [could] consider, in the first instance, whether the nonretroactive sentencing changes to [the defendant's] § 924(c) convictions, either alone or in conjunction with any other applicable considerations, constitute extraordinary and compelling reasons for a reduction in sentence." 996 F.3d 283, 289 (5th Cir. 2021). At first glance it might appear that we should remand this case as the court did in *Cooper* since the district court there, like here, incorrectly found itself bound by § 1B1.13 when considering whether the First Step Act's non-retroactive modifications to § 924(c) constitute an extraordinary and

3

compelling reason justifying a shortened sentence. *See id.* at 288.[2] But remand in *Cooper* was proper since it was not "a case where, notwithstanding the existence of extraordinary and compelling reasons, the district court nonetheless determined that § 3553(a)'s sentencing factors militate against a sentence reduction." *See id.* As noted, this is such a situation.

Thus, even assuming the post-sentencing legal developments on which Coats relies could be considered as extraordinary and compelling reasons for a sentence reduction, we must affirm the district court's denial of the Motion unless the lower court "base[d] its decision on an error of law or clearly erroneous assessment of the evidence" when applying and balancing the § 3553(a) sentencing factors. *See Chambliss*, 948 F.3d at 693 (citation omitted). Coats's "disagree[ment] with how the district court balanced the § 3553(a) factors . . . is not a sufficient ground for reversal." *See id.* at 694. Nor would be ours. *See United States v. Nguyen*, 854 F.3d 276, 283 (5th Cir. 2017).

The district court considered the § 3553(a) factors and sufficiently articulated reasons for denying the Motion, in particular the seriousness of Coats's offenses and the need to protect the public. *See Chambliss*, 948 F.3d at 693–94. Specifically, the district court noted that Coats (1) was tried by a jury and convicted on seven counts related to four robberies; (2) "threatened to blow [a victim's] brains out" with a gun during one robbery; (3) shoved a "big bore automatic pistol" in another victim's face during a second robbery; (4) did not accept responsibility for his crimes and attempted to flee from custody after the verdict was read; (5) oversaw the criminal activity at issue; and (6) participated in other serious offenses, including aggravated robbery

---

[2] The same could perhaps be said for Coats's reliance on *Apprendi* since this court has not previously ruled on whether the change in law espoused by that case may be considered an extraordinary and compelling reason for a sentence reduction.

No. 20-10419

and aggravated kidnapping. We discern no abuse of discretion in the district court's determination that the § 3553(a) factors weighed against a sentence reduction. *See id.* Given this, the district court did not err in denying the Motion.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.