# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 14, 2021

Lyle W. Cayce
Clerk

No. 20-10976
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN HUERTA-TOBON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:20-CR-31-1

Before WILLETT, HO, and WILSON, *Circuit Judges*.

PER CURIAM:*

Juan Huerta-Tobon challenges the substantive reasonableness of his 24-month prison sentence following his guilty-plea conviction for illegal reentry after deportation from the United States. "We review the substantive

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10976

reasonableness of a sentence for abuse of discretion." *United States v. Nguyen*, 854 F.3d 276, 283 (5th Cir. 2017).

The district court gave ample consideration to all of the 18 U.S.C. § 3553(a) factors, as well as the arguments presented by counsel, and ultimately concluded that Huerta-Tobon's criminal history and prior lenient sentences warranted an upward variance. Huerta-Tobon's arguments, which focus on the "staleness" of his previous convictions, amount to no more than a request for us to reweigh the § 3553(a) factors. We will not do so, as "the sentencing court is in a better position to find facts and judge their import under the § 3553(a) factors with respect to a particular defendant." *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015). Overall, we cannot say that the district court, in its "extensive consideration and explanation of the appropriate sentence in light of the § 3553(a) sentencing factors," failed to account for a factor that should have received significant weight, gave significant weight to an improper factor, or clearly erred in its balancing of the sentencing factors. *Id.* at 726.

Accordingly, we AFFIRM the district court's judgment.