# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 2, 2022

Lyle W. Cayce
Clerk

No. 21-50442
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CARLOS ALFONSO DOMINGUEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:20-CR-2348-1

Before KING, COSTA, and HO, *Circuit Judges*

PER CURIAM:*

Carlos Alfonso Dominguez pleaded guilty to one count of importation of 500 grams or more of methamphetamine and one count of possession with intent to distribute 500 grams or more of methamphetamine. He challenges

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

the procedural and substantive reasonableness of his within-guidelines sentence of 63 months of imprisonment.

We review sentencing decisions for reasonableness using a "bifurcated review process." *United States v. Nguyen*, 854 F.3d 276, 280 (5th Cir. 2017); *see Gall v. United States*, 552 U.S. 38, 51 (2007). First, we "examine whether the district court committed any significant procedural error." *Nguyen*, 854 F.3d at 280. "If the district court's decision is procedurally sound, we then consider the substantive reasonableness of the sentence." *Id.* Dominguez's arguments at sentencing alerted the district court to, and so preserved for appeal, his claims of procedural and substantive error. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 764, 766-67 (2020). We therefore review the district court's interpretation of the safety-valve provisions de novo and the decision whether to apply a safety-valve adjustment for clear error. *United States v. Flanagan*, 80 F.3d 143, 145 (5th Cir. 1996); *see also United States v. Towns*, 718 F.3d 404, 412 (5th Cir. 2013).

Despite Dominguez's arguments to the contrary, the record reflects that the district court applied safety-valve relief under 18 U.S.C. § 3553(f) to sentence him below the 120-month mandatory minimum and correctly calculated the applicable guidelines range of 63 to 78 months of imprisonment. Additionally, there is no merit to his claim of substantive unreasonableness. A within-guidelines sentence is presumptively reasonable. *United States v. Hernandez*, 876 F.3d 161, 166 (5th Cir. 2017). There is no indication that an important factor was overlooked, that an improper factor was given significant weight, or that the court failed to provide any required explanation. Instead, Dominguez's argument is no more than a request for us to reweigh the statutory sentencing factors, which we will not do. *Id.* at 167; *see also Gall*, 552 U.S. at 51.

The judgment of the district court is AFFIRMED.