# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 12, 2022

Lyle W. Cayce
Clerk

No. 21-50924
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Reynaldo Joel Trigueros-Recinos,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:19-CR-879-1

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Reynaldo Joel Trigueros-Recinos was sentenced to 58 months of imprisonment after pleading guilty to illegally reentering the United States, in violation of 8 U.S.C. § 1326(a) and (b)(1). On appeal, he contends that he was entitled to an additional one-level reduction for acceptance of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

responsibility under U.S.S.G. § 3E1.1(b) and that his above-guidelines sentence was substantively unreasonable.  We AFFIRM.

Trigueros-Recinos first argues that the Government improperly withheld an additional one-level reduction under § 3E1.1(b) because there was not an adequate factual basis establishing his participation in an inmate disturbance at the Limestone Detention Facility.  However, we review the Government's decision not to move for an additional one-level reduction only for whether the Government "considered an interest within § 3E1.1." *United States v. Halverson*, 897 F.3d 645, 656 (5th Cir. 2018).  Trigueros-Recinos fails to make such a showing.  *See* § 3E1.1, comment. (n.1(B)).

Next, Trigueros-Recinos contends the district court erred in imposing a sentence of 58 months' imprisonment, which was beyond the Guidelines' recommended range of 27 to 33 months.  We review the substantive reasonableness of a sentence for an abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  "An upward departure [from the Guidelines] by a district court is not an abuse of discretion if [its] reasons for departing 1) 'advance the objectives set forth in 18 U.S.C. § 3553(a)(2)' and 2) 'are justified by the facts of the case.'"  *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (quoting *United States v. Saldana*, 427 F.3d 298, 310 (5th Cir. 2005)).  Here, the district court "f[ound] that the history and characteristics of defendant and the protection of the public . . . are factors warranting an upward variance from the applicable guidelines guideline range.  Despite prior sentences imposed on the defendant, he has continued to illegally reenter the United States and has committed assaultive offenses, specifically toward women, which have been increasingly egregious in nature. [His] propensity for violence and disrespect for the laws of this country require . . . a sentence . . . outside the applicable guidelines."  These reasons cited by the district court for its non-Guidelines sentence were legitimate and

corresponded to the interests laid out in § 3553(a)(2).  *See United States v. Ward*, 859 F. App'x 720, 722 (5th Cir. 2021).

While Trigueros-Recinos claims that the district court failed to appropriately consider mitigating factors, he has failed to demonstrate that the district court failed to consider a factor that should have received significant weight, gave significant weight to an improper factor, or clearly erred in balancing the factors.  *See United States v. Nguyen*, 854 F.3d 276, 283 (5th Cir. 2017).  Moreover, despite Trigueros-Recinos' assertions to the contrary, the district court "may rely upon factors already incorporated by the Guidelines to support a non-Guidelines sentence."  *United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008).  Nor is the difference between the sentence imposed and the Guidelines range so great as to indicate unreasonableness.  The district court's 58-month sentence is just shy of 1.8 times the upper end of the applicable Guidelines range (here, 33 months).  We have upheld substantially greater upward departures from the Guidelines in many prior cases.  *See, e.g.*, *Ward*, 859 F. App'x at 722; *Saldana*, 427 F.3d at 316; *United States v. Smith*, 417 F.3d 483, 492–93 & n.40 (5th Cir. 2005) (citing cases).  Accordingly, Trigueros-Recinos has failed to demonstrate that his sentence is substantively unreasonable.

AFFIRMED.