# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-11225
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
September 5, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Faustino Garcia-Sanchez,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-614-1

---

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Faustino Garcia-Sanchez pleaded guilty to illegal reentry into the United States after removal, in violation of 8 U.S.C. § 1326(a), and the district court sentenced him to 60 months of imprisonment under § 1326(b)(2). Garcia-Sanchez contends that his above-guidelines sentence was substantively unreasonable. He also argues that his sentence violates his

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-11225

right to due process because it exceeds the statutory maximum for the offense charged in the indictment. However, he correctly concedes that his due process argument is foreclosed based on the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and explains that he merely seeks to preserve the issue for further review. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019).

We review the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Before imposing an above-guidelines sentence, the district court considered the nature and circumstances of the offense, Garcia-Sanchez's history and characteristics, and the need for deterrence. While Garcia-Sanchez argues that the district court gave too much weight to his immigration history, "the sentencing court is free to conclude that the applicable Guidelines range gives too much or too little weight to one or more factors, either as applied in a particular case or as a matter of policy." *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008). Moreover, despite his assertions to the contrary, the record reflects that the district court considered the mitigating factors behind Garcia-Sanchez's most recent illegal reentries and simply found that those factors were outweighed by Garcia-Sanchez's history and the need for specific deterrence. Because the sentencing proceedings as a whole support the district court's determination to impose an above-guidelines sentence, Garcia-Sanchez has failed to demonstrate that his sentence is substantively unreasonable. *See Gall*, 552 U.S. at 51; *United States v. Nguyen*, 854 F.3d 276, 283 (5th Cir. 2017).

AFFIRMED.

2