# United States Court of Appeals for the Fifth Circuit

———————————

No. 24-50307

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

June 3, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jacob Wayne Peek,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:22-CR-131-1

———————————————————————

Before Stewart, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:[*]

A jury convicted defendant Jacob Wayne Peek of four counts of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2). He was ultimately sentenced to 300 months, and he now challenges only the sentence and not the convictions. For the reasons below, we AFFIRM.

Following the verdict, the presentence report (PSR) calculated a Sentencing Guidelines range of 151–188 months, which the PSR

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

recommended to impose concurrently.  The Government argued that the Guidelines range should be 292–365 months, but Peek argued it was 70–87 months.  The district court decided to defer to Peek but to impose the sentence consecutively, not concurrently:

> Mr. Peek, I'm going to give you some benefit of the doubt . . . . [T]he court is going to find that the proper Guideline range, and give you every benefit of the doubt, is 70 to 87 months.  Okay.  However, the court also finds that you were convicted of four different crimes.  The court finds that you are not entitled to the low end of the Guidelines because that's for people who accept responsibility.  So the court is going to sentence you to 75 months on each count, and those will run consecutively for a total of 25 years or 300 months.

District courts have "discretion under 18 U.S.C. § 3584 to depart upwardly [from the Guidelines range] by running sentences consecutively, even when U.S.S.G. § 5G1.2 would otherwise mandate that the sentences run concurrently." *United States v. Saldana*, 427 F.3d 298, 309 n.41 (5th Cir. 2005).  Given the Guidelines range adopted by the district court, the parties agree that the 300-month sentence was an upward variance, not within the Guidelines.  The district court, however, characterized the sentence as "within the guideline range" on its written statement of reasons.  Peek argues that the court did not explain why it imposed an upward variance.

A district court procedurally errs when it "fail[s] to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range."  *Gall v. United States*, 552 U.S. 38, 51 (2007); *see United States v. Nguyen*, 854 F.3d 276, 280 (5th Cir. 2017); *United States v. Perkins*, 99 F.4th 804, 817–21 (5th Cir. 2024) (holding that district court "egregious[ly] and clear[ly]" erred where it imposed consecutive sentences and did not provide "an explanation with specific reasons why an upward variance was justified").

No. 24-50307

At the sentencing hearing, Peek failed to object to the upward variance or to the district court's alleged lack of an explanation. Thus, he concedes that our review is for plain error, and we agree. Under plain error review, "three conditions . . . must be met before a court may consider exercising its discretion to correct the error": there must be (1) an error that is (2) clear or obvious and that (3) affected the defendant's substantial rights. *Rosales–Mireles v. United States*, 585 U.S. 129, 134 (2018). To satisfy the third condition, "the defendant ordinarily must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Id.* at 134–35 (internal quotation marks and citation omitted). "Once those three conditions have been met, the court of appeals should exercise its discretion to correct the forfeited error if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 135 (internal quotation marks and citation omitted).

The Government argues that, while the district court did not give an explicit explanation for the sentence, we can infer an explanation from what the district court said during the sentencing hearing. For purposes of this opinion, we will assume arguendo that the district court clearly and obviously erred (including by characterizing the sentence as within the Guidelines on the written statement of reasons), and that Peek thus meets the first two requirements of the plain error inquiry. However, turning to the question of whether the error affected Peek's substantial rights, it is very clear from the district court's discussion of the four criminal convictions that the court would have imposed the 300-month sentence regardless.[1] Addressing Peek,

---

[1] Indeed, the record strongly suggests that the district court, having already decided to impose the 300-month sentence, adopted Peek's preferred Guidelines range of 70–87 months only to "give [Peek] every benefit of the doubt." The 300-month sentence is within the Government's preferred Guidelines range of 292–365 months.

the district court said, "[A] jury convicted you of these heinous acts, okay, or that were committed by somebody else, but you're looking at them." (Presumably, the district court's use of the word "them" referred to images depicting child pornography.)  The court referenced "letters that the court has read of people who point out the very positive things that Mr. Jacob Wayne Peek is," but it added that the jury "found that he also has another side to him of these . . . 17,000 images of children, 800 of them are, for lack of a better term, just gross."  The court continued, "[T]hese are seven-year-old girls, for God's sakes."  The court went on to describe in graphic and unsettling detail certain relevant images of child pornography.  "They're all terrible," the court said of the pictures.  These statements lead us to conclude that Peek has not "show[n] a reasonable probability that, but for the [district court's sentencing] error, the outcome of the proceeding would have been different."  *Molina–Martinez v. United States*, 578 U.S. 189, 194 (2016) (internal quotation marks and citation omitted).

Further, if we reached the fourth prong, we would not reverse, given that the district court adopted Peek's preferred Guidelines range of 70–87 months only to "give [Peek] every benefit of the doubt."

Accordingly, we AFFIRM.