# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 5, 2021

Lyle W. Cayce
Clerk

No. 20-20296

United States of America,

*Plaintiff—Appellee*,

*versus*

Rafael Garcia-Servin,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CR-75-1

Before Ho, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Rafael Garcia-Servin pled guilty to one count of illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a), and was sentenced to an above-guidelines sentence of twenty-four months of imprisonment followed by one year of supervised release. Garcia-Servin now appeals, contending his sentence is procedurally and substantively unreasonable.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20296

We review sentencing decisions using a "bifurcated review process," first examining "whether the district court committed any significant procedural error," then considering "the substantive reasonableness of the sentence." *United States v. Nguyen*, 854 F.3d 276, 280 (5th Cir. 2017) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).

First, Garcia-Servin argues that the district court committed a significant procedural error when it misinterpreted his presentence report to construe that he had three prior removals, as opposed to two, and relied on that misinterpretation in imposing an upward variance on his sentence. For a preserved challenge to the procedural reasonableness of a sentence, we review the district court's application of the guidelines de novo and its findings of fact for clear error. *Id.* However, if a defendant fails to preserve a claim of procedural error in the district court, plain error review applies. *United States v. Williams*, 620 F.3d 483, 493 (5th Cir. 2010); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009). Here, we review Garcia-Servin's challenge for plain error, as he has failed to preserve the error for appeal.[1] *See Williams*, 620 F.3d at 493. Garcia-Servin's passing statement about having been "kicked out twice," in response to the district court's question during his sentencing hearing about his intentions to remain in Mexico, did not give the district court notice about the potential issue for appeal. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327–28 (5th Cir. 2012) (observing that

---

[1] It appears Garcia-Servin affirmatively waived this point of error, rather than merely forfeited it. "Waived errors are entirely unreviewable, unlike forfeited errors, which are reviewable for plain error." *United States v. Musquiz*, 45 F.3d 927, 931 (5th Cir. 1995). Here, defense counsel agreed during the sentencing hearing that "Yes, your Honor . . . the [c]ourt is correct" that Garcia-Servin was thrice removed. That is more than a sufficient basis to find waiver. In this case, however, the district court and defense counsel premised their agreement on an ambiguity in the PSR, and Garcia-Servin himself independently commented on the error during his sentencing hearing. We therefore give Garcia-Servin the benefit of the doubt and apply plain-error review.

"objections that are too vague are reviewed on appeal for plain error because they cannot alert the court to the legal argument the party now presents") (quotation omitted).

"Plain error review requires four determinations: whether there was error at all; whether it was plain or obvious; whether the error affected the defendant's substantial rights; and whether the court should exercise its discretion to correct the error," which it will do "only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 328 (quotation omitted).

Garcia-Servin can show that the district court committed an error that was plain or obvious when it found that he had been previously removed three times, instead of only twice as was actually the case. But he fails to show that the error affected his substantial rights, i.e., that it affected the outcome of the district court's sentencing decision. *See Puckett*, 556 U.S. at 135. In this regard, we ask "whether the error increased the term of a sentence, such that there is a reasonable probability of a lower sentence on remand." *United States v. Escalante-Reyes*, 689 F.3d 415, 424 (5th Cir. 2012) (en banc) (internal quotation marks and citation omitted). In *Escalante-Reyes*, we held that a defendant's substantial rights were affected where the district court considered an erroneous or improper factor that was "a central part" of the district court's reasoning for imposing a sentence. *See id.* Conversely, we have also held that a defendant's substantial rights were not affected where the district court gave significant weight to valid factors and did not give undue weight to the improper factor. *See Williams*, 620 F.3d at 495.

Garcia-Servin argues that the district court's consideration of the incorrect number of prior removals affected his substantial rights because the court mentioned the erroneous finding as its first factor in sentencing, and because the court's reasoning for the sentence was otherwise brief.

However, he fails to show that the incorrect number of prior removals was "a central part" of the district court's reasoning because the court indicated at sentencing that it felt an upward variance was appropriate based on the 18 U.S.C. § 3553(a) factors and other concerns. *See Escalante-Reyes*, 689 F.3d at 424–26. Although the district court mentioned the erroneous fact as one of the reasons for imposing an upward variance, the court also cited to Garcia-Servin's convictions for his driving offenses and his criminal history category of IV as reasons for imposing the above-guidelines sentence. There is no reasonably probable indication that the district court's reliance on only two prior removals, instead of three, would have resulted in a lesser sentence in the instant case. *See Williams*, 620 F.3d at 494. Accordingly, Garcia-Servin fails to show a reasonable probability that he would have received a lesser sentence and thus fails to show reversible plain error. *See Puckett*, 556 U.S. at 135.

Second, Garcia-Servin argues that his sentence was substantively unreasonable because the district court imposed the sentence by giving significant weight to a clearly erroneous fact, i.e., the incorrect number of prior removals, and by failing to consider his health conditions, his plan to remain in Mexico, and the fact that he had never been prosecuted for an immigration violation prior to the current offense. We review Garcia-Servin's preserved challenge to the substantive reasonableness of a sentence under the abuse-of-discretion standard. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020); *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015).

The record does not show that the district court failed to account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or committed a clear error of judgment in balancing the § 3553(a) factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Instead, the record clearly shows that the district court in

fact considered Garcia-Servin's mitigating factors in its sentencing decision. Additionally, as noted above, the district court did not give significant weight to the number of prior removals. The court indicated that an upward variance was appropriate due to a variety of factors, such as Garcia-Servin's criminal history, and not solely due to the number of his prior removals.

In essence, Garcia-Servin's arguments amount to no more than a request for this court to reweigh the statutory sentencing factors, which we will not do, as the district court is "in a better position to find facts and judge their import under the § 3553(a) factors with respect to a particular defendant." *United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013) (internal quotation marks and footnote omitted). Under the totality of circumstances, including the significant deference that is given to the district court's consideration of the § 3553(a) factors, the extent of the variance, and the district court's reasons for its sentencing decision, Garcia-Servin's sentence was reasonable. *See id.* at 439–40.

The judgment of the district court is AFFIRMED.