**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 29, 2009

Charles R. Fulbruge III
Clerk

No. 08-40649
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SONIA CASTILLO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:07-CR-1217-3

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Sonia Castillo was tried by a jury and found guilty of possession with the intent to distribute marijuana and conspiracy to do the same. Castillo's presentence report (PSR) did not recommend a sentencing reduction under the safety valve provision of the Sentencing Guidelines. Castillo objected to the PSR on this ground. At sentencing, the district court denied safety valve relief.

Castillo now argues that the district court erred by failing to give her a safety valve reduction or an evidentiary hearing to determine whether such a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reduction was warranted. We review for clear error a district court's decision to apply the safety valve provision. *United States v. McCrimmon*, 443 F.3d 454, 457 (5th Cir. 2006).

Pursuant to U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f), a defendant who provides information to the Government may escape the imposition of a statutory minimum sentence if the district court finds that she meets five criteria. *United States v. Lopez*, 264 F.3d 527, 529-30 (5th Cir. 2001). The fifth criterion, the only one at issue here, requires that by the time of sentencing "the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense." § 5C1.2(a)(5); *see also* § 3553(f)(5). The defendant has the burden of showing eligibility for the safety valve reduction, including the burden of showing that she truthfully provided the Government with all relevant information. *United States v. Flanagan*, 80 F.3d 143, 146-47 (5th Cir. 1996).

In the district court's statement of reasons, it indicated that it adopted the PSR. An addendum to the PSR concluded that the safety valve did not apply because Castillo denied knowing at the time of the offense that the offense involved transporting marijuana rather than illegal aliens.

Castillo's testimony that she did not know that the offense involved marijuana "directly contradicted information gathered by the government," including the testimony of a codefendant and a confidential informant. *See United States v. Edwards*, 65 F.3d 430, 433 (5th Cir. 1995). At trial, Castillo admitted to lying to agents the first time she was questioned but testified that she was truthful with them the second time she was questioned. *See id.* Castillo was hesitant on the stand to admit knowing one of the participants in the offense, and she admitted that she did not inform agents of two other involved individuals. Based on these facts, the district court's denial of Castillo's request to be sentenced under the safety valve was not clearly erroneous.

Castillo did not request an evidentiary hearing in the district court or object to the lack of one. Accordingly, Castillo's contention that the district court erred by not holding an evidentiary hearing on the safety valve issue is reviewed for plain error. *See United States Washington*, 480 F.3d 309, 313 (5th Cir. 2007). The cases cited by Castillo do not advance her position that an evidentiary hearing was required. Because Castillo has not shown that the failure to hold an evidentiary hearing was clear or obvious error that affected her substantial rights, Castillo has not shown plain error with respect to this issue. *See United States v. Olano*, 507 U.S. 725, 732-34 (1993).

AFFIRMED.