# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 15-31087

———————

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

NEMESSIS BATES, also known as Nemesis Bates, also known as Nemo Bates,

> Defendant - Appellant

———————

Appeal from the United States District Court
for the Eastern District of Louisiana

———————

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2017

Lyle W. Cayce
Clerk

Before SMITH, CLEMENT, and SOUTHWICK, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

This is a murder-for-hire case. Nemesis "Nemo" Bates owned Nemo's Carwash in New Orleans. In 2010, someone stole a significant amount of jewelry and $20,000 in cash from Bates. Bates reported the theft to the police and told them that he suspected his friend Christopher "Tiger" Smith was the culprit. On November 21, 2010, someone shot Tiger at least twenty times, killing him.

A federal grand jury indicted Bates on four counts: (1) solicitation to commit a crime of violence, in violation of 18 U.S.C. § 1958(a) and 18 U.S.C. § 373; (2) conspiracy to use interstate commerce facilities in the commission of

No. 15-31087

murder-for-hire, in violation of 18 U.S.C. § 1958(a) and 18 U.S.C. § 2; (3) causing death through the use of a firearm, in violation of 18 U.S.C. § 924(j)(1) and 18 U.S.C. § 2; and (4) conspiracy to possess firearms, in violation of 18 U.S.C. § 924(o). At trial, both sides agreed that Walter Porter was the actual shooter. The government advanced the theory that Bates hired Porter, along with Aaron Smith, to murder Tiger in exchange for $20,000, as retaliation for Tiger's stealing his jewelry and money. The government presented twenty-one witnesses, including Anthony Comadore, Bates's former cellmate, who testified concerning Bates's alleged jailhouse confession. By contrast, Bates argued that Smith and Porter acted on their own accord as part of a conspiracy to extort money from Bates after the fact. The jury convicted Bates on all counts.

Pursuant to Federal Rule of Criminal Procedure 29, Bates moved for a judgment of acquittal on all counts. The district court denied his motion. Bates timely appealed, arguing that the district court (1) abused its discretion by allowing Comadore to testify and (2) erred by denying his motion for acquittal. For the reasons stated below, we AFFIRM the district court's decision.

## I.

Bates argues that the district court erred by allowing Comadore to testify at trial in violation of his Sixth Amendment right to counsel.[1] The admissibility of witness testimony at trial is reviewed for abuse of discretion. *United States v. Heard*, 709 F.3d 413, 422 (5th Cir. 2013). The Supreme Court has held that

---

[1] Bates also argues that the district court erred by not holding a full evidentiary hearing to determine whether Comadore's testimony was permissible under *Massiah v. United States*, 377 U.S. 201 (1964). Because Bates did not request an evidentiary hearing below or object to the lack of one, we review this argument for plain error only. *United States v. Castillo*, 334 F. App'x 698, 699 (5th Cir. 2009) (citing *United States v. Washington*, 480 F.3d 309, 313 (5th Cir. 2007)). Bates has failed to point to any case law indicating that a district court is required to hold a *Massiah* hearing *sua sponte*. Thus, even if we were to conclude that the district court erred or impinged on Bates's substantial rights (which we do not), we could not conclude that such legal error was "clear or obvious" or beyond "reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009). Accordingly, Bates's argument fails.

2

No. 15-31087

the Sixth Amendment right to counsel is violated when the government "use[s] against [a criminal defendant] at his trial evidence of his own incriminating words, which federal agents . . . deliberately elicited from him after he had been indicted and in the absence of his counsel." *Massiah*, 377 U.S. at 206. To allege a *Massiah* violation, a criminal defendant must establish that: (1) a Sixth Amendment right to counsel had attached; (2) an individual seeking the information was a government agent acting without the defendant's counsel being present; and (3) that the agent deliberately elicited incriminating statements from the defendant. *Henderson v. Quarterman*, 460 F.3d 654, 664 (5th Cir. 2006). Under the Fifth Circuit's two-prong test for determining whether an agency relationship exists between the government and a jailhouse informant, the defendant bears the burden of showing that "the informant: (1) was promised, reasonably led to believe, or actually received a benefit in exchange for soliciting information from the defendant; and (2) acted pursuant to instructions from the State, or otherwise submitted to the State's control." *Creel v. Johnson*, 162 F.3d 385, 393 (5th Cir. 1998).

Bates argues that "Comadore sought information from Mr. Bates *in the hopes of* receiving a benefit." But soliciting information "in the hopes of" receiving a benefit is not the same as soliciting information because you were "promised, reasonably led to believe, or actually received a benefit." *Id.* Because Bates has failed to point to any evidence showing that the government affirmatively enticed Comadore to solicit any information from Bates, we cannot say the district court abused its discretion in allowing Comadore to testify.

## II.

Bates also argues that we should reverse the district court's denial of his motion for judgment of acquittal. We disagree. We review de novo a district

3

No. 15-31087

court's denial of a post-trial motion for a judgment of acquittal. *United States v. Rojas Alvarez*, 451 F.3d 320, 326 (5th Cir. 2006).

Bates first argues that this panel should overturn his conviction on all four counts because the evidence presented by the government was all "contradicted by either testimony or evidence presented by the defense at trial." But the mere presence of some conflicting evidence in the record does not render a jury verdict improper. "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." *United States v. Lage*, 183 F.3d 374, 382 (5th Cir. 1999). In fact, "any conflict in the evidence must be resolved in favor of the jury's verdict." *United States v. Lundy*, 676 F.3d 444, 448 (5th Cir. 2012) (citing *United States v. Duncan*, 919 F.2d 981, 990 (5th Cir. 1990)).

Bates also attacks the credibility of the government's witnesses. In addition to his argument about the admissibility of Comadore's testimony, he argues that "[Smith's] credibility as a witness should be questioned" because of his prior convictions, significant drug problems, and admission that he would be willing to lie under oath. Likewise, he claims that the testimonies of his two ex-lovers should not be trusted because they both had reasons to lie. But these arguments are irrelevant. On appeal the panel is not permitted to assess the credibility of the witnesses—credibility determinations are the purview of the trier-of-fact. *United States v. Owens*, 683 F.3d 93, 101 (5th Cir. 2012). The witnesses' criminal history, drug problems, trustworthiness, and past relationships with the defendant all came out at trial, and were presumably considered by the jury. Accordingly, both arguments fail.[2]

---

[2] Although he does not elaborate, Bates asserts that "[t]he Government failed to prove all elements of the crimes charged." Because he has failed to adequately develop this insufficiency argument, it is waived. "Failure of an appellant to properly argue or present issues in an appellate brief renders those issues abandoned." *United States v. Beaumont*, 972 F.2d 553, 563 (5th Cir. 1992).

4

No. 15-31087

## III.

We conclude that the district court did not abuse its discretion in allowing Comadore to testify. We also AFFIRM the district court's denial of Bates's motion for judgment of acquittal.