# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2022

Lyle W. Cayce
Clerk

No. 19-40989
Consolidated with
No. 20-40652

United States of America,

*Plaintiff—Appellee*,

*versus*

Winfred Earl Ware, Jr.,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 9:18-CR-43-1

Before Smith, Elrod, and Oldham, *Circuit Judges.*

Per Curiam:*

Winfred Ware appeals his conviction for conspiracy to possess with intent to distribute methamphetamine. Among other claims, he alleges violations of his Sixth Amendment right to effective assistance of counsel,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-40989

c/w No. 20-40652

violations of his Fourteenth Amendment due process rights, and various evidentiary shortcomings at trial. Because Ware's claims are meritless, we AFFIRM the judgment of the district court.

I.

In 2014, Panola County, Texas began employing confidential informants to help combat drug trafficking. One confidential informant, Lyndell Talley, proved particularly prolific. Over the course of one and a half months beginning in late 2016 and ending in early 2017, Talley made three controlled buys of methamphetamine from the defendant, Winfred Ware. As a result, Ware was indicted for conspiracy to possess with intent to distribute methamphetamine, obstruction of justice, and witness tampering (the latter two charges stemming from Ware's attempt to manufacture exculpatory evidence).

On the eve of trial, the government learned that Ware's cellmate had evidence related to the case. The cellmate testified that Ware claimed to have paid or threatened many witnesses to testify on his behalf and that he had sold and distributed methamphetamine. The jury ultimately convicted Ware on all three counts and sentenced him to 180 months in prison. Ware appealed.

II.

After Ware's counsel filed a brief with this Court, Ware moved to discharge his counsel and proceed *pro se*. With this Court's permission, Ware submitted his own brief. Ware's attorney raises five claims: (1) violation of the Fourteenth Amendment right to due process; (2) violation of the Sixth Amendment right to counsel; (3) improper exclusion of evidence regarding bias of a cooperating witness; (4) improper exclusion of evidence regarding bias of a confidential informant; and (5) violation of the Sixth Amendment

No. 19-40989

c/w No. 20-40652

right to effective assistance of counsel. Ware raises seven additional claims. The government has responded to all claims.[1] We address each claim in turn, beginning with those made by Ware's attorney.

## A.

First, Ware's counsel claims that Ware's right to due process under the Fourteenth Amendment and *Brady v. Maryland*, 373 U.S. 83 (1963), was violated by the district court when it denied Ware's motion for continuance for trial preparation. This claim is reviewed for abuse of discretion. *United States v. Barnett*, 197 F.3d 138, 144 (5th Cir. 1999). A *Brady* violation arises when "(1) the prosecution did not disclose evidence; (2) the evidence was favorable to the defense; and (3) the evidence was material." *United States v. Infante*, 404 F.3d 376, 386 (5th Cir. 2005). However, there is no violation—even if the government does not disclose evidence until during trial—unless "the defendant was prejudiced by the tardy disclosure." *United States v. McKinney*, 758 F.2d 1036, 1050 (5th Cir. 1985).

Ware's counsel argues that the government violated *Brady* by disclosing potential impeachment evidence regarding Talley and other government witnesses only days before trial. Even assuming *arguendo* that all three *Brady* elements were met, Ware was not prejudiced because he used the relevant evidence at trial. Accordingly, the district court did not abuse its discretion by denying Ware's counsel's motion for a continuance.

---

[1] To the extent that Ware raises additional claims on reply, "[a]rguments raised for the first time in a reply brief, even by pro se litigants . . . are waived." *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005).

No. 19-40989

c/w No. 20-40652

## B.

Second, Ware's counsel claims that Ware's cellmate's testimony violated Ware's Sixth Amendment right to counsel, but it does not. This claim is reviewed for abuse of discretion. *United States v. Bates*, 850 F.3d 807, 809–10 (5th Cir. 2017). The Sixth Amendment right to counsel has been violated when "(1) [the right] had attached; (2) an individual seeking the information was a government agent acting without the defendant's counsel['s] being present; and (3) that the agent deliberately elicited incriminating statements from the defendant." *Id.* at 810. This does not, however, prohibit the government from benefitting "by luck or happenstance." *Maine v. Moulton*, 474 U.S. 159, 176 (1985).

Ware asserts that his cellmate, a former government informant, was "actively cooperating with the government and was looking to continue that cooperation" and that the cellmate knew that his sentence could be reduced if he provided information. But one must be "directed" or "otherwise knowingly exploited" by the government to be an agent. *United States v. Fields*, 761 F.3d 443, 478 (5th Cir. 2014). As the district court concluded, the cellmate acted on his own accord. *United States v. Ware*, 385 F. Supp. 3d 529, 535 (E.D. Tex. 2019). The government did not talk to the cellmate until after the events here transpired and did not even know where he was held or that he was cellmates with Ware. The cellmate did not deliberately question Ware to elicit incriminating evidence either. *Id.* at 536. The record discloses, for example, that Ware voluntarily discussed a drug deal with his cellmate; only after these incriminating statements did the cellmate question Ware about the deal. This testimony was unexpected, but the district court did not abuse its discretion by allowing it. The jury was free to believe it or not.

## C.

Third, Ware's counsel claims that Ware's right to cross-examine and present a defense was violated when the district court prohibited Ware from cross-examining a cooperating witness, Tamar Tucker, to show that Tucker was testifying in exchange for a reduced sentence (or to submit other evidence related to a potential sentence reduction for Tucker). Limitations on a defendant's Sixth Amendment right to confrontation are reviewed *de novo,* subject to harmless error analysis. *United States v. Diaz*, 637 F.3d 592, 597 (5th Cir. 2011). Under the Confrontation Clause, the defense must be allowed to "expose to the jury the facts from which [it] . . . could appropriately draw inferences relating to the reliability of the witness." *United States v. Restivo*, 8 F.3d 274, 278 (5th Cir. 1993).

The jury was able to hear testimony about Tucker's potential bias. For example, Tucker admitted that he could benefit by cooperating under the terms of his plea agreement. Tucker even testified about how much time he believed would be shaved off his sentence for cooperation. Here, there was no error.

## D.

Fourth, Ware's counsel claims that Ware's right to cross-examine and present a defense was also violated when the district court prohibited Ware from introducing evidence to impeach Talley. We also review this claim *de novo*, subject to harmless error analysis. *Diaz*, 637 F.3d at 597. Talley testified that his motivation for serving as a confidential informant was making money, not procuring a "get out of jail free card" for any future crimes he may commit. But when Talley himself was arrested for possession of methamphetamine, he allegedly sought to leverage his status as a confidential informant to "make [the] case go away." Ware attempted to

No. 19-40989

c/w No. 20-40652

admit a police report to that effect, but the district court prohibited it as hearsay.

Federal Rule of Evidence 803(8) provides that a record of a statement of a public office is admissible if "it sets out . . . factual findings from a legally authorized investigation; and . . . the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness." The report, however, does not include Talley's statements but a police officer's recollection of those statements. Both statements must qualify for a hearsay exception to be admissible. Fed. R. Evid. 805. Even if the officer's statement is admissible under Rule 803(8), no exception applies to Talley's statement. *See id.* 803, 804. The court also had a second basis for excluding the report because it was never authenticated. Ware's counsel introduced neither testimony from the authoring officer confirming its legitimacy nor a certification from a custodian of public records. *See id.* 901(7), 902(4). And Talley denied making the statement during cross-examination and never otherwise adopted it before trial.

Moreover, even if excluding the statements had been erroneous, it was harmless. Ware's counsel cross-examined Talley about the alleged statement, which gave the jury the same basis for disbelieving Talley's testimony. Excluding the police report was not reversible error.

E.

In addition to the above arguments,[2] Ware, acting *pro se*, raises seven additional claims: (1) failure to prove beyond a reasonable doubt that Ware

---

[2] Ware's counsel's fifth and final claim is that Ware's Sixth Amendment right to effective assistance of counsel was violated. Because the record is not sufficiently developed, we dismiss this claim without prejudice to a future 28 U.S.C. § 2255 petition. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

No. 19-40989

c/w No. 20-40652

engaged in conspiracy to sell drugs; (2) improper inclusion of lay testimony; (3) improper exclusion of testimony and failure to grant witness immunity; (4) improperly answering questions posed by the jury and improperly calculating the weight of drugs for sentencing purposes; (5) a defective "criminal complaint;" (6) an improper "criminal complaint" and lack of subject matter jurisdiction; and (7) failure to confirm or deny "that Ware has substantiated the defective nature of his criminal complaint on the record." Because there was subject matter jurisdiction and the indictment was not defective, and because the record amply supports the jury verdict and the district court's evidentiary rulings, each of these claims fail as well.

\*          \*          \*

For the above reasons, we AFFIRM Ware's conviction. Accordingly, we also DENY Ware's additional motions to unseal documents, to supplement the record on appeal, to proceed *in forma pauperis*, and to vacate the decision of the district court.