# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 8, 2022

Lyle W. Cayce
Clerk

No. 21-50358

United States of America,

*Plaintiff—Appellee*,

*versus*

Francisco Resendiz Martinez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CR-72-2

Before Wiener, Graves, and Duncan, *Circuit Judges*.

Per Curiam:*

A jury found Defendant-Appellant Francisco Resendiz Martinez guilty, in January 2020, of conspiracy to distribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A)(viii). The district court imposed a within-Guidelines sentence of 292 months of imprisonment

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50358

and five years of non-reporting supervised release. On appeal, Resendiz challenges both his conviction and his sentence. We affirm.

## I.    *The Conviction.*

Challenging his conviction, Resendiz contends that the district court erred by excluding the testimony of a proposed expert, Dr. Deborah Ohanesian. Resendiz claims that Dr. Ohanesian would have testified that it is "her opinion that [he] had a limited understanding of English and about his intellectual limitations, including limited schooling in Mexico, which prevented him from fully understanding" an arresting officer's questions. Relevant to this objection is that officer's testimony regarding the traffic stop during which Resendiz was arrested. The officer testified that he asked Resendiz "if there [were] any drugs, weapons, or large amounts of money in the vehicle," to which Resendiz replied in the negative. However, when the officer asked Resendiz "if there was anything illegal in the vehicle," Resendiz said "yes" in "a nervous voice."

"A district court has 'wide latitude' and 'broad discretion' to exclude expert testimony." *United States v. Reed*, 908 F.3d 102, 117 (5th Cir. 2018) (citing *Williams v. Manitowoc Cranes, L.L.C.*, 898 F.3d 607, 615 (5th Cir. 2018)). Such a court's decision to exclude expert testimony will not be disturbed unless it is "manifestly erroneous," *id.*, which we define as "a complete disregard of the controlling law," *id.* (quoting *Williams*, 898 F.3d at 615). And, even in the event of manifest error, "we 'will not overturn a conviction based on the exclusion of evidence unless a reasonable probability exists that the error contributed to conviction.'" *United States v. De Leon*, 728 F.3d 500, 505 (5th Cir. 2013) (quoting *United States v. Gulley*, 526 F.3d 809, 819 n.2 (5th Cir. 2008)); *see United States v. Okulaja*, 21 F.4th 338, 344 (5th Cir. 2021).

No. 21-50358

We doubt that the district court erred in excluding Dr. Ohanesian's testimony.[1] But, even assuming that it did, any error was harmless. Dr. Ohanesian's testimony—if found credible by the jury—would have, at most, undercut the probative value of Resendiz's admission to the arresting officer that there was something illegal in the vehicle.[2] As an initial matter, that statement's probative value was tempered by Resendiz's contemporaneous statement that there were no drugs in the vehicle.

Even assuming that the jury found Resendiz's admission regarding something illegal being in the vehicle (but not his denial regarding drugs) to be probative and that the jury would not have done so had Dr. Ohanesian testified, the trial record contains ample other evidence of Resendiz's guilt. During the traffic stop, officers recovered 21.2 pounds of methamphetamine from a suitcase in the vehicle. *See United States v. Gonzalez-Rodriguez*, 621 F.3d 354, 360 (5th Cir. 2010) (Except when drugs are stored in a hidden compartment, "a jury may infer that a defendant has knowledge of drugs in a vehicle when the defendant exercises control over the vehicle."). Additionally, Johnny Casillas, a coconspirator, testified at length about his use of Resendiz as a drug courier. In particular, Casillas testified that he told Resendiz "upfront" that he would be transporting "drugs." Casillas also testified that, on at least one occasion, Resendiz helped him unload the drugs, which were packaged in "see-through plastic," from the truck that Resendiz

---

[1] Dr. Ohanesian has no obvious expertise in linguistics, and her testimony would have been irrelevant unless it opined whether Resendiz understood the officer's question.

[2] As an initial matter, we doubt that the statement had much probative value, if any. If the jury believed Resendiz's statement that there was something illegal in the car was not the product of a failure to understand the question, the same would go for his statement that there were no drugs in the car. Combined, those statements seem to make it less likely that Resendiz knew or reasonably should have known about the drugs, not more likely. After all, why would Resendiz lie about the presence of drugs, only to immediately incriminate himself with a more general statement?

had just driven. The record also includes intercepted text messages and phone calls that support Casillas's testimony. There is no reasonable probability that the jury would have acquitted Resendiz but for the alleged error. *See De Leon*, 728 F.3d at 505–06.

## II.    *The Sentence.*

Resendiz contends that the district court erred by denying his request for a safety valve adjustment to his sentence under United States Sentencing Guideline § 5C1.2 and 18 U.S.C. § 3553(f). When, as here, a potential guidelines calculation error has been preserved, we review the district court's interpretation of the Guidelines de novo and its factual findings for clear error. *See United States v. Lima-Rivero*, 971 F.3d 518, 520 (5th Cir. 2020); *United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007). A district court's determination that defendants have not "truthfully provided" all relevant information and evidence they possess regarding the charged offenses (as required for safety-valve relief by 18 U.S.C. § 3553(f)(5)) is a factual finding that we review for clear error. *United States v. McElwee*, 646 F.3d 328, 345 (5th Cir. 2011); *see United States v. Towns*, 718 F.3d 404, 412 (5th Cir. 2013).

The safety valve provision of § 5C1.2 allows a district court to sentence a defendant below the statutory minimum sentence and to award a two-level reduction to his offense level if he meets all five criteria set forth in 18 U.S.C. § 3553(f). *United States v. Anchundia-Espinoza*, 897 F.3d 629, 632 (5th Cir. 2018) (citing *United States v. Lopez*, 264 F.3d 527, 529–30 (5th Cir. 2001)). Section 3553(f)(5) requires that, by the time of sentencing, "the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." A defendant must bear "the burden of establishing eligibility for the safety valve

reduction." *Achundia-Espinoza*, 897 F.3d at 632 (citing *United States v. Flanagan*, 80 F.3d 143, 146–47 (5th Cir. 1996)).

At bottom, Resendiz complains that the district court committed clear error in denying him a safety valve sentence reduction because neither the court nor the government ever identified "how [Resendiz] failed to truthfully provide all information he had regarding the offense." *See also Lima-Rivero*, 971 F.3d at 521–23 (concluding that a district court clearly erred by basing its determination that the defendant had not truthfully provided the relevant information on "a case agent's mere speculation"). Although we might not have reached the same conclusion as did the district court, we cannot say that its determination was clearly erroneous. At trial, Resendiz admitted that he was "evasive" and "not straightforward" with officers during his initial interview. Then, at trial and in subsequent interviews, Resendiz maintained that he knew only that something illegal was in the luggage, not that it was drugs. We have previously affirmed a district court's decision that the safety valve was inapplicable when a defendant's testimony "directly contradicted information gathered by the government." *United States v. Edwards*, 65 F.3d 430, 433 (5th Cir. 1995); *see, e.g.*, *United States v. Castillo*, 334 F. App'x 698, 699 (5th Cir. 2009) (unpublished) (similar). We do so again today.

Finally, Resendiz claims that the district court erred in denying his request for a two-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). We review a determination whether a defendant is entitled to a reduction for acceptance of responsibility under an "exceedingly deferential" standard. *United States v. Smith*, 977 F.3d 431, 436 (5th Cir. 2020) (citing *United States v. Silva*, 865 F.3d 238, 244 (5th Cir. 2017)). We will affirm a sentencing court's decision not to award a § 3E1.1 reduction unless it is "without foundation." *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008) (per curiam).

The adjustment for acceptance of responsibility "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt." § 3E1.1, cmt n.2. But the Guidelines countenance "rare situations" when "a defendant goes to trial to assert and preserve issues that do not relate to factual guilt," and is, therefore, eligible for an acceptance-of-responsibility adjustment. *Id.* Resendiz claims that this is one of those "rare situations," but, we disagree. Resendiz explains that he went to trial "to argue that his limited understanding of the English language and his intellectual limitations prevented him from fully understanding the questions being asked of him by officers." In other words, Resendiz claims that he went to trial to put the government to its burden of proof as to his mens rea. As noted, at trial Resendiz denied knowledge that he was transporting drugs. His mens rea is a factual element of guilt. The district court's decision to deny the adjustment for acceptance of responsibility was not without foundation.

The judgment of the district court is AFFIRMED.