# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2022

Lyle W. Cayce
Clerk

No. 21-51051

United States of America,

*Plaintiff—Appellee*,

*versus*

Jorge Luis Monsivais, Jr.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:18-CR-1463-1

Before Jones, Smith, and Graves, *Circuit Judges*.

Per Curiam:*

Jorge Luis Monsivais, Jr. was convicted on several counts of violating 8 U.S.C. § 1324 for harboring and transporting illegal aliens resulting in serious bodily injury and death. On appeal, he challenges the procedural and substantive reasonableness of his non-guideline sentence. For the reasons given below, we AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-51051

## I

Monsivais drove a vehicle containing a large group of illegal aliens. When the United States Border Patrol pursued his vehicle, Monsivais led them on a high-speed chase for several miles. He passed vehicles using the oncoming traffic lane and shoulder and surpassed 95 miles per hour in a 35 mile-per-hour zone. When Monsivais tried to overtake a vehicle using the shoulder, Monsivais lost control of his own and rolled across the highway. While Monsivais's vehicle rolled, most of the alien passengers were ejected from the vehicle. Four of them died on the scene. Nine others suffered serious bodily and life-threatening injuries, one of whom died on the way to the hospital. The Border Patrol arrested Monsivais.

Monsivais confessed. He identified his co-conspirators, the stash house they operated in Eagle Pass, Texas, and described his role as a cook for the several illegal aliens at that house. Monsivais would have received one hundred dollars for each of the thirteen aliens he transported. Monsivais admitted to several prior trips.

Monsivais pled guilty to (1) conspiracy to transport illegal aliens, resulting in death; (2) conspiracy to transport illegal aliens, which caused serious bodily injury; (3) conspiracy to conceal or harbor illegal aliens; (4) transporting illegal aliens, causing death; and (4) transporting illegal aliens, which caused serious bodily, all in violation of 8 U.S.C. § 1324. Counts one and four carry a maximum term of life imprisonment, counts two and five carry a maximum term of twenty years' imprisonment, and count three carries a maximum term of ten years' imprisonment. 8 U.S.C. § 1324(a)(1)(A)(ii),(v)(I); 8 U.S.C. § 1324(B)(i), (iii), (iv).

Monsivais's total offense level was calculated as 30. His criminal history category was III because he committed this offense while serving a

No. 21-51051

sentence for another felony immigration conviction under 8 U.S.C. § 1324. The Sentencing Guidelines range was 121 to 151 months.

The government requested an above-guideline sentence. The district court agreed. It sentenced Monsivais to 360 months' imprisonment for counts one and four, 240 months' imprisonment for counts two and five, and 120 months' imprisonment for count three. All terms were set to run concurrently. The district court additionally imposed five years' supervised release and a $500 special assessment. This appeal followed.

## II[1]

### A

Monsivais argues the non-Guideline sentence is procedurally unreasonable because the district court failed to adequately explain its sentence. Because this argument was raised for the first time on appeal, this court reviews the district court's sentencing procedure for plain error. Thus, Monsivais must show (1) an error (2) that is plain and (3) affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135, 129 S. Ct. 1423, 1249 (2009). "[I]f the above three prongs are satisfied, the court of appeals has the discretion to remedy the error—discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings" generally. *Id.* (internal quotation marks omitted).

At sentencing, a district court is required to state in open court the reasons for the sentence imposed and should provide more explanation for a non-guidelines sentence. 18 U.S.C. § 3553(c); *Rita v. United States*, 551 U.S.

---

[1] This court has jurisdiction over Monsivais's timely appeal under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

338, 356-57, 127 S. Ct. 2456, 2468 (2007).  The district court's statement of "reasons should be fact-specific and consistent with the sentencing factors enumerated in § 3553(a)." *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006).

Monsivais's argument fails at the first step of plain-error review: There was no error.  The record shows that the district court considered the parties' arguments and the relevant information before determining that specific sentencing factors warranted an above-guidelines sentence.  The district court discussed the remorse Monsivais exhibited, his upbringing, his mental health issues, and the fact that he did not intend to kill his passengers.  The district court also noted that his criminal behavior began at age thirteen when he became a daily marijuana user and that he had been convicted of transporting illegal aliens before.  At sentencing, the district court made several references to the high sentences given to Monsivais's co-conspirators.  Two were sentenced to 120 months and one to 262 months, and they were not directly responsible for the death of five people.

The district court stated in painstaking detail each of its considerations, explaining that it took

> into account the advisory guidelines, as well as the policy statements of those guidelines, together with other sentencing factors such as the nature and circumstances of the offense, the seriousness of the offense, the history and characteristics of the defendant, the need to promote respect for the law and to provide just punishment for the offense, the need to deter future criminal conduct and to protect the public . . . [,] the allocution of the parties, as well as the factual information contained within the presentence report[,] the letters of the victims, the letters for Mr. Monsivais, the defense sentencing memorandum as well, and the . . . records of the hospital.

The district court later emphasized again its consideration of most of these factors.

Ultimately, the district court concluded that "the advisory guidelines are not adequate," putting heavy weight on the fact Monsivais's "gross negligence or recklessness" resulted in the death of five aliens and injury to eight others. The district court gave ample explanation for a non-guideline sentence consistent with the Section 3553(a) sentencing factors.

**B**

Monsivais next contends his sentence was substantively unreasonable. A sentence is substantively unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (internal quotation marks and citation omitted). This court affords "due deference" to a district court's decision to vary from the Guidelines when balancing the § 3553(a) factors. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). Accordingly, this court "may not apply a presumption of unreasonableness" to that sentence and instead must review it only for an abuse of discretion. *Id.* A "significant variance" is permitted when it is justified by "the individualized case-specific reasons provided by the district court." *United States v. Nguyen*, 854 F.3d 276, 283 (5th Cir. 2017) (internal quotation marks omitted).

Monsivais argues that the district court disregarded similarly situated defendants receiving lower sentences and thus overlooked 18 U.S.C. § 3553(a)(6). He cites several cases involving 8 U.S.C. § 1324 violations resulting in death where courts gave the defendant a lower sentence than he received. But Monsivais's circumstances are unique. Among other

differences, none of the cases involved a defendant evading law enforcement in a high-speed car chase while transporting thirteen illegal aliens resulting in the death of five passengers and injury to eight others. And in any event, the "fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. Thus, the district court did not abuse its discretion even if it overlooked a factor that did not warrant significant weight. *See Kimbrough v. United States*, 552 U.S. 85, 109, 128 S. Ct. 558, 574–75 (2007).

Monsivais also challenges the fact that his sentence was greater than one of his co-conspirators. "Neither law nor logic compels district courts to treat unlike defendants alike." *United States v. Smith*, 977 F.3d 431, 437–38 (5th Cir. 2020). As the district court explained, none of the co-conspirators were the "driver of the car that killed [the aliens]." The co-conspirators "didn't tell [Monsivais] to go on a high-speed chase." It was reasonable for the district court to conclude that, given Monsivais's extreme actions, he deserved a longer sentence.

Monsivais's sentence is not substantively unreasonable. The district court did not abuse its discretion.

### III

For the foregoing reasons, Monsivais's sentence is **AFFIRMED**.