# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 2, 2024

Lyle W. Cayce
Clerk

No. 22-20100

United States of America,

*Plaintiff—Appellee*,

*versus*

Travis Demois Wilson,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-714-4

Before Wiener, Elrod, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Travis Demois Wilson contests his jury-trial conviction and sentence for: (1) conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii); (2) aiding and abetting possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 18 U.S.C. § 2; (3) carrying a firearm during

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

and in relation to a drug-trafficking offense and possession of a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (4) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Wilson maintains the district court erred in denying his suppression motion and abused its discretion by not conducting an evidentiary hearing.

An officer stopped the vehicle in which Wilson was a passenger because the driver did not indicate a left turn until the vehicle had already entered the intersection and the driver failed to maintain a single lane while completing the turn. An additional officer arrived to assist. After the officers asked the driver and Wilson to exit the vehicle, the officers saw a pistol, contrary to Wilson's assertion that there were no weapons in the vehicle. Based on this, the officers used a canine to conduct an exterior "sniff" of the vehicle. After the canine alerted to the presence of narcotics, the officers searched the vehicle, found methamphetamine, and ultimately arrested Wilson.

Prior to trial, Wilson filed a motion to suppress all evidence stemming from the traffic stop. In response to the Government's assertion that Wilson failed to allege any material facts with particularity, Wilson filed a supplemental motion asserting standing, contesting reasonable suspicion and probable cause, and maintaining that the scope of the stop was exceeded. The district court denied Wilson's motion without an evidentiary hearing, and Wilson was ultimately found guilty on all counts charged.

In reviewing a district court's denial of a suppression motion, our court "review[s] legal determinations *de novo* and factual findings for clear error." *United States v. Thomas*, 997 F.3d 603, 609 (5th Cir. 2021). "Evidence is viewed in the light most favorable to the party that prevailed in the district court—in this case, the Government." *United States v. Jefferson*,

89 F.4th 494, 502 (5th Cir. 2023) (citation omitted). "The district court's ruling on a motion to suppress will be upheld if there is any reasonable view of the evidence to support doing so." *Thomas*, 997 F.3d at 609. We "may affirm the district court's ruling on a motion to suppress based on any rationale supported by the record." *United States v. Waldrop*, 404 F.3d 365, 368 (5th Cir. 2005).

The legality of the traffic stop at issue is examined under the two-pronged analysis established in *Terry v. Ohio*. 392 U.S. 1, 19–20 (1968); *see United States v. Brigham*, 382 F.3d 500, 506 (5th Cir. 2004) (en banc). Courts must "first examine whether the officer's action was justified at its inception, and then inquire whether the officer's subsequent actions were reasonably related in scope to the circumstances that justified the stop." *Brigham*, 382 F.3d at 506.

Regarding the first prong, the officer observed a white Dodge Challenger stopped at a red light in a lane that allowed vehicles either to continue straight or turn left. When the traffic light turned green, the vehicle proceeded toward the intersection and activated the left-turn signal only after entering the intersection. Texas Transportation Code § 545.104(b) requires drivers to "signal continuously for not less than the last 100 feet of movement of the vehicle before the turn." Accordingly, the district court did not err in concluding the officer had reasonable suspicion that the driver committed a traffic violation, justifying the initial stop. *See United States v. Walker*, 49 F.4th 903, 907 (5th Cir. 2022) (outlining reasonable-suspicion standard); *Wehring v. Texas*, 276 S.W.3d 666, 670–71 (Tex. App.—Texarkana 2008, no pet.) (applying "[t]he plain language of" § 545.104(b) to include defendant's "failing to indicate his intent to turn in a turn-only lane"); *Turner v. Texas*, 261 S.W.3d 129, 133 (Tex. App.—San Antonio 2008, no pet.) (affirming trial court's application of § 545.104(b) to defendant who failed to indicate while in lane allowing "vehicle to either continue forward or turn right").

No. 22-20100

Regarding the second prong, the officers were justified in ordering the driver and passenger (later identified as Wilson) to exit the vehicle pending the completion of the stop to ensure the officers' safety. *See Maryland v. Wilson*, 519 U.S. 408, 414–15 (1997) ("We therefore hold that an officer making a traffic stop may order passengers to get out of the car pending completion of the stop."); *see also Pennsylvania v. Mimms*, 434 U.S. 106, 111 (1977). When Wilson exited the vehicle, the officers observed the grip of a pistol in plain view, protruding from underneath a backpack on the passenger-side floorboard. The driver and Wilson had previously denied that there were any weapons in the vehicle. This provided the officers with reasonable suspicion that the vehicle might contain contraband and justified their decision to extend the stop to conduct an exterior canine "sniff" of the vehicle. *See Brigham*, 382 F.3d at 507 ("[A] detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop, unless further reasonable suspicion, supported by articulable facts, emerges."); *see also United States v. Gonzalez*, 328 F.3d 755, 758 (5th Cir. 2003).

The canine "sniff" of the vehicle was not an unlawful search. *See United States v. Powell*, 732 F.3d 361, 373 (5th Cir. 2013).[1] But after the canine

---

[1] During the "sniff" of the vehicle's exterior, the dog jumped into the car through the passenger window, which was open from when the officers were speaking to Wilson in the car. But there is no evidence, nor does Wilson argue, that the officer directed the dog to jump through the window. Thus, the "sniff" was not an unlawful search in violation of the Fourth Amendment. *See United States v. Shen*, 749 F. App'x 256, 262–63 (5th Cir. 2018) (holding that a dog's exterior sniff of a vehicle did not violate the Fourth Amendment when the dog stuck her head in the vehicle because the defendant provided no evidence that the officer directed the dog to enter the window); *see also United States v. Sharp*, 689 F.3d 616, 619–20 (6th Cir. 2012) (joining the Third, Eighth, and Tenth Circuits "in holding that a trained canine's sniff inside of a car after instinctively jumping into the car is not a search that violates the Fourth Amendment as long as the police did not encourage or facilitate the dog's jump").

alerted to the presence of narcotics, the officers had probable cause to search the vehicle and the backpack pursuant to the automobile exception to the warrant requirement. *See Florida v. Harris*, 568 U.S. 237, 248–49 (2013) (discussing probable cause).

Wilson asserts that the district court erred in concluding he did not have standing to challenge the search of the backpack. The district court determined that Wilson failed to assert a possessory interest in the objects seized. Though Wilson did not assert a possessory interest in the rental vehicle, he asserted his possessory interest in the backpack. Accordingly, the district court arguably erred. Nevertheless, even if the court erred in concluding Wilson lacked standing to challenge the search of the backpack, we may, as mentioned, "affirm the district court's ruling on a motion to suppress based on any rationale supported by the record." *Waldrop*, 404 F.3d at 368; *see also United States v. Jackson*, 27 F.4th 1088, 1091 (5th Cir. 2022) (outlining standard). Based on the record before us, the district court did not err in denying Wilson's suppression motion because the initial stop was justified, and the officers' subsequent actions "were reasonably related in scope to the circumstances that justified the stop." *Brigham*, 382 F.3d at 506.

We now turn to whether the district court abused its discretion by not conducting an evidentiary hearing. *See United States v. Smith*, 977 F.3d 431, 434 (5th Cir. 2020) (outlining abuse-of-discretion standard). "Hearings on a motion to suppress are only required where the movant alleges sufficient facts which, if proven, would justify relief." *Id.* (citation omitted). The district court determined that the facts in the police reports were largely uncontested. And though Wilson points out potential inconsistencies in the officers' reports concerning his suspicious behavior and nervousness, the district court did not base its decision on this evidence and, based on the factual record discussed above, Wilson's proffered inconsistencies would not

justify relief in any event.  Thus, Wilson shows no abuse of discretion in the court's denying the suppression motion without conducting an evidentiary hearing.

AFFIRMED.