# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 26, 2022

Lyle W. Cayce
Clerk

No. 21-30604
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MATHEW MARK MORENO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:19-CR-170-1

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Mathew Mark Moreno appeals his above-guidelines sentence of 84 months for possessing with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine. He contends that the sentence was substantively unreasonable because the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-30604

Sentencing Guidelines adequately accounted for his criminal history and six of his seven prior convictions occurred when he was 27 years old or younger.

We review Moreno's claim of substantive unreasonableness for an abuse of discretion in light of 18 U.S.C. § 3553(a)'s sentencing factors. *United States v. Zarco-Beiza*, 24 F.4th 477, 480-81 (5th Cir. 2022) (citing *Gall v. United States*, 552 U.S. 38, 56 (2007)). In so doing, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range, to determine whether, as a matter of substance, the sentencing factors in section 3553(a) support the sentence." *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012) (internal quotation marks and citations omitted). "A non-Guidelines sentence unreasonably fails to reflect the statutory sentencing factors set forth in § 3553(a) where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015) (citing *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006)).

The record does not show that the district court failed to account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error of judgment in balancing the sentencing factors. *See Gerezano-Rosales*, 692 F.3d at 400-01. Further, the district court articulated "individualized, case-specific reasons" that justified the higher sentence. *United States v. Nguyen*, 854 F.3d 276, 283 (5th Cir. 2017) (internal quotation marks and citation omitted). Namely, the district court stated that it based the sentence on Moreno's extensive criminal history. That many of Moreno's prior convictions occurred when he was younger did not prevent the district court from considering them as part of the § 3553(a) factors. *See Smith*, 440 F.3d at 709. Further, "the sentencing court is free to conclude that the applicable Guidelines range gives

too much or too little weight to one or more factors." *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008).

The district court also stated that the 84-month sentence was necessary to afford adequate deterrence to criminal conduct and to protect the public from future crimes. This is supported by the fact that, after serving almost 20 years in prison and not long after his supervised release expired, Moreno was arrested for transporting drugs twice in the span of three months. Moreno's arguments amount to no more than a request for us to reweigh the statutory sentencing factors, which we will not do. *See United States v. Hernandez*, 876 F.3d 161, 166-67 (5th Cir. 2017).

AFFIRMED.